FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JUL 1 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01422-BNB

DWAYNE VILLAFUERTE,

     Plaintiff,

v.

THE CITY OF PUEBLO,
THE STATE OF COLORADO,
JENNIFER ZAMARIPPA,
BILL THIEBAUT, and
KATHLEEN HERN,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT
_____

     Plaintiff, Dwayne Villafuerte, currently is confined at the Pueblo County,
Colorado, detention center. He has filed *pro se* an amended prisoner complaint
pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for money damages. Mr.
Villafuerte has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without an
initial partial filing fee.

     The Court must construe Mr. Villafuerte's filings liberally because he is
representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the
*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.
Villafuerte will be directed to file a second amended complaint.

     Mr. Villafuerte alleges that in November 2010 he was falsely imprisoned for sixty-
nine days at the Pueblo County Detention Center. He contends he had been released

on bond for petty driving offense, and his bond was revoked.  It is not clear whether his current incarceration is related to the allegedly false imprisonment or whether he has been convicted on any criminal charges.

Mr. Villafuerte's sole federal remedy to challenge his criminal conviction or obtain his release from incarceration is a writ of habeas corpus, after he has exhausted state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The Court will not consider the merits of any habeas corpus claims in this civil rights action.

Second, Mr. Villafuerte's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of

2

Rule 8. In order for Mr. Villafuerte to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Villafuerte fails to set forth a short and plain statement of his claims showing he is entitled to relief. His claims are repetitive, confusing, and conclusory. Mr. Villafuerte provides an extended and unnecessary discussion of insignificant details and legal argument in support of his claims instead of providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Villafuerte must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Villafuerte will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. In the second amended complaint, Mr. Villafuerte must allege, simply and concisely, his specific claims for relief. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

3

Further, Defendant state court judge, Kathleen Hern, is absolutely immune from a civil rights suit for money damages for actions taken in his judicial capacity, unless she acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Villafuerte does not allege any facts to show that Judge Hern acted outside of her judicial capacity.

Defendant Pueblo County deputy district attorneys, Bill Thiebaut and Jennifer Zamarippa, also enjoy absolute immunity from suit for damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976).

In addition, municipalities, such as the City of Pueblo, and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Villafuerte cannot state a claim for relief against the City of Pueblo under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694.

Mr. Villafuerte also may not sue the State of Colorado. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such

4

immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Finally, Mr. Villafuerte must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Villafuerte must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Villafuerte, therefore, will be directed to file a second amended complaint that states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating the personal involvement of the named defendants in the asserted violations. Accordingly, it is

ORDERED that Plaintiff, Dwayne Villafuerte, file **within thirty days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Villafuerte, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the second amended complaint. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Villafuerte fails to file a second amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED July 15, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-01422-BNB

Dwayne Villafuerte
Prisoner No.  48076
Pueblo County Detention Center
909 Court Street
Pueblo, CO 81003

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on July 15, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
                        Deputy Clerk